RODMAN, J., dissentiate.
His Honor decided in favor of their claim, and the plaintiff appealed.
Constitution art, X, sec. 1, "The personal property of resident of this State, to the value of $500," is exempted from sale under execution for any debt. *Page 198 
Sec. 2. "Every homestead, and the dwelling and buildings used therewith, not exceeding in value $1,000," is exempted from sale, under execution for any debt.
Sec. 3. "The homestead, after the death of the owner thereof, shall be exempt from the payment of any debt, during the minority of his children or any one of them."
Sec. 5. "If the owner of a homestead die, leaving a widow, but no children, the same shall be exempt, from the debts of her husband, and the rents and profits thereof shall enure to her benefit during her widowhood, unless she shall be the owner of a homestead in her own right."
Sec. 6, secures to the separate use of the wife, all the real and personal estate, whether acquired before or after the marriage.
Act 1868-'69, ch. 137, entitled "an Act to lay off the homestead and personal property exemption."
Sec. 7. "Whenever any resident of this State may desire to take the benefit of the homestead and personal property exemption, as guaranteed byarticle ten of the Constitution of this State," such resident shall apply to any Justice of the Peace," c.
If the homestead had been laid off in the life-time of the husband, according to the Constitution, it would have been so laid off as to include the homestead (that is the place at which he had his home) and the dwelling and buildings used therewith." Act 1369-'70, ch. 176, entitled "procedure to obtain dower," sec. 2. "Every married woman shall be entitled to one third in value of all the lands, c., whereof her husband was seized at any time during coverture, "in which third part shall be included the dwellinghouse in which her husband usually resided, together with the offices, outhouses and buildings and other improvements thereto belonging or appertaining," in other words, as expressed in the Constitution, "The homestead and the dwelling and buildings used therewith." *Page 199 
If the homestead had been laid off, in the life-time of the husband, at his death the dower of the wife would have been assigned so as to include the dwelling-house, in which the husband had usually resided, and buildings used therewith. Thus the dower would be assigned so as to include the homestead, or a part thereof, and the right of dower having attached at the time of the marriage, would have been parmount, and the right of the children to enjoy the homestead during the minority of any one of them, must have been taken, subject to this paramount right of dower; the effect being to postpone the enjoyment of the children, as to so much of the homestead as is covered by the dower, until the death of the widow; leaving them of course, to the present enjoyment of such part of the homestead and land, appertaining thereto, as is not covered by the dower.
The question is, does that make a difference, or are the rights of the widow and children to be treated in the same way, as if the husband and father had not neglected to have his homestead laid off in his life-time?
This depends upon the proper construction of sec. 10, of the Acts of 1868-'69, ch. 137: "If any person entitled to a homestead and personal property exemption, die, without having the same set apart, his widow, if he leave one, then his child and children under the age of twenty-one years, if he leave such, may proceed to have said homestead and personal property exemption, laid off to her, him or them, according to the provisions of sections seven and eight of this Act."
A perusal of the statute, makes it manifest that the purpose of this section is, to prevent the widow and children from being prejudiced, by the omission of one entitled to a homestead and personal property exemption, to have it laid off in his life time, so as to secure to them the benefit of the homestead and personal property exemption, as guaranteed by Art. X, of the Constitution. Indeed, this section, in so many words, provides that the property shall be laid off to him, her or them, according to the provisions of sections seven and eight. *Page 200 
We have seen how it would have been if the homestead had been laid off according to the provisions of section 7. It is hard to understand, how a provision to prevent the widow and children from being prejudiced by an omission to have the assignment in the life-time of the party entitled, can be strained so as to have the effect of giving them greater advantage, than it the omission had not occurred on the part of one, under whom the widow and derive their title. The constitution makes `the relief of the debtor," its primary purpose, and the to benefit the widow, and minor children, comes in merely as an incident. It cannot be supposed that the effect of the statute, is, to go beyond the Constitution, for its professed purpose is, to carry into effect the provisions of the Constitution, and to secure the homestead and personal property exemption, as guaranteed by Art. X, of the Constitution."
Judgment reversed. This opinion will be certified to the end, that a homestead may be laid off, as if it had been done in life-time of the deceased, so as to include the homestead, dwellings and buildings where he usually resided, to be enjoyed subject to the dower.